FILED23 MAY '11 16:14USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim No. 10-428-HA |
| Plaintiff, | AMENDED OPINION AND ORDER |
| v. | |
| DERON ALBERT DUPRE CRAIN, | |
| Defendant. | |

HAGGERTY, District Judge:

Deron Albert Dupre Crain (defendant) is charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Defendant filed a motion to suppress evidence and statements obtained from him during a traffic stop on July 23, 2010. This court held an evidentiary hearing on March 22, 2011, at which law enforcement officers presented testimony. For the following reasons, defendant's Motion to Suppress Evidence [12] is GRANTED IN PART AND DENIED IN PART.

1 - AMENDED OPINION AND ORDER

## BACKGROUND

On Friday, July 23, 2010, two members of the Portland Police Bureau's Gang Enforcement Team, Sergeant Anthony Passadore and Officer Dan Chastain, were working together in Northeast Portland. At approximately 5:12 p.m., the officers observed defendant's car driving northbound on Albina Street from Killingsworth Street. Officer Chastain ran the plates on the car, which revealed defendant as the registered owner. Defendant was on post-prison supervision at the time following a robbery conviction in Multnomah County.

The officers observed defendant's car traveling 35 miles per hour (mph) in a 25 mph zone near Portland Community College where numerous pedestrians were present. Defendant failed to stop for pedestrians at a crosswalk and did not slow down for a speed bump. The officers followed defendant's car for about twelve blocks. After the officers paced the car at over 35 mph, they initiated a traffic stop.

Defendant promptly pulled over the car. He produced his driver's license, insurance information, and registration upon request. Sergeant Passadore characterized defendant's behavior as appropriate and polite. The front windows of the car were partially rolled down when Sergeant Passadore first approached.

Sergeant Passadore observed the front seat passenger, James Crain, Jr., sitting silent and motionless, which Sergeant Passadore believed was abnormal. James Crain, Jr. was also bracing a blue jacket between his legs. The back seat passenger, Demarcus Carney, was not making eye contact with the officers and was holding a small green bag. Officer Chastain tried to make casual conversation with the passengers, but they never responded.

At this time, Sergeant Passadore smelled a strong odor of air fresheners. He noticed two air fresheners hanging from the rearview mirror.

2 - AMENDED OPINION AND ORDER

Sergeant Passadore returned to his car to check the status of defendant's license. The license was valid. However, the check revealed defendant's current probation status and his juvenile criminal history.

The officers then walked behind the car to discuss the passengers' behavior. After Sergeant Passadore returned to the driver's side door, he reported that he smelled an odor of air fresheners, alcohol, and unburnt marijuana. He also noticed a knife clipped to the side of defendant's shorts. Sergeant Passadore directed defendant to step out of the car to discuss the violations.

Sergeant Passadore asked defendant if he had any weapons, and defendant said no. Sergeant Passadore then removed the knife clipped to defendant's shorts. He patted defendant down and found no other weapons. Sergeant Passadore asked defendant if he had any weapons or drugs in the car, and defendant again denied it. Sergeant Passadore told defendant that he worked with defendant's parole officer, and that he would report to the parole officer about defendant's cooperation in this traffic stop. Sergeant Passadore asked defendant if he could search his car for weapons or drugs. Defendant refused to consent to the search.

Sergeant Passadore asked defendant to identify the passengers in the car. Defendant explained that they were a friend and a family member. Sergeant Passadore requested identification from both passengers, and they complied. Sergeant Passadore wrote down the names and birth dates for the passengers, and then returned their identification cards. Sergeant Passadore informed the passengers that they were free to leave because he did not suspect that they were involved in any crime. Both passengers left the scene walking northbound on Albina Street. They left the blue jacket and green bag in the car.

3 - AMENDED OPINION AND ORDER

Sergeant Passadore returned to the passenger-side of the car after running a check on the passengers' identities. At this point, he reportedly smelled a strong odor of marijuana and alcohol. Sergeant Passadore told defendant that he was going to search the car for drugs.

Sergeant Passadore noticed that the blue jacket and the floor of the front passenger seat were soaked with beer. He viewed several air fresheners tucked into the door compartment. He opened the center console and found two firearms. He then opened the green bag in the back seat and found several small ziplock bags containing crystallized residue. He also found trace amounts of marijuana along the floor boards and "screens" that he believed were used for smoking marijuana. Sergeant Passadore radioed for the officers to stop the two passengers.

The passengers were stopped and searched about a block away from the scene. No drugs were found on the passengers. The officers also did not find drugs or other evidence in the area between the traffic stop and where the passengers were searched. The stop lasted about sixteen minutes in its entirety.

## DISCUSSION

Defendant seeks an order suppressing any statements that he made during the traffic stop and the firearms found in the center console of his car. He contends that the allegedly valid traffic stop was unconstitutionally prolonged without reasonable suspicion, and that there was no probable cause to support the subsequent search of his car. Defendant contends that his minor speeding infraction, valid license and registration, and overall demeanor did not create probable cause to believe that defendant was under the influence or in possession of marijuana.

The government contends that the traffic stop was lawful because it did not exceed the scope of a permissible stop pursuant to *Terry v. Ohio*, 392 U.S. 1 (1968). The government also

asserts that the marijuana odor justifies the subsequent search of defendant's car based on the automobile exception.

After considering the record and the briefing by the parties, this court concludes that the initial traffic stop was lawful, but the subsequent search of defendant's car was unsupported by probable cause.

1.   **Traffic stop**

The Fourth Amendment of the United States Constitution protects against unreasonable searches and seizures by the government. U.S. Const. amend. IV; *Elkins v. United States*, 364 U.S. 206, 213 (1960) (applying the Fourth Amendment's protections to the states and state actors through the Fourteenth Amendment). A traffic stop following an observed traffic violation is considered reasonable under the Fourth Amendment. *See Whren v. United States*, 517 U.S. 806, 809-10 (1996) (holding that "the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred"). Once lawfully stopped, the investigating officer may question the driver about matters related and unrelated to the justification for the traffic stop, so long as those inquiries "do not measurably extend the duration of the stop." *Arizona v. Johnson*, 129 S. Ct. 781, 788 (2009). If the officers prolong the duration of a lawful stop, then reasonable suspicion must justify the additional questioning. *United States v. Mendez*, 476 F.3d 1077, 1080-81 (9th Cir. 2007).

Based on the testimony, this court concludes that the officers properly stopped defendant for driving at least ten mph over the posted speed limit. *See* Or. Rev. Stat. § 811.111 (defining speed violation). The traffic stop lasted around sixteen minutes, which this court finds to be reasonable under the totality of the circumstances. *See, e.g., United States v. Turvin*, 517 F.3d 1097, 1101-02 (9th Cir. 2008) (upholding a fourteen minute traffic stop as reasonable where the

5 - AMENDED OPINION AND ORDER

officer spoke to the driver about the violations, checked on his identity, spoke with another officer about the driver for a few minutes, and then questioned the driver about his possible involvement with a methamphetamine laboratory); *Mendez*, 476 F.3d at 1079-80 (finding an eight minute traffic stop to be reasonable under the circumstances).

Because the traffic stop was proper, the officers could permissibly question defendant while they ran a license and registration check on defendant and his passengers. *Mendez*, 476 F.3d at 1079-80; *United States v. Diaz-Castaneda*, 494 F.3d 1146, 1152-53 (9th Cir. 2007). The officers were also authorized to order defendant out of his car. *See Maryland v. Wilson*, 519 U.S. 408, 414-15 (1997). After Sergeant Passadore removed the knife from defendant's shorts, he was justified in questioning defendant about additional weapons and briefly patting him down. *See United States v. Burkett*, 612 F.3d 1103, 1107 (9th Cir. 2010) (upholding a pat-down where the officer reasonably believed that the suspect was armed and dangerous). Accordingly, the initial stop was lawful, and was not unreasonably prolonged. Defendant's request to suppress any statements he made during the initial traffic stop is denied.

### 2.  Search of defendant's car

The government attempts to justify the subsequent search based on the automobile exception to the warrant requirement. The automobile exception permits the police to conduct a warrantless search of a vehicle if probable cause existed and the vehicle was readily mobile. *United States v. Davis*, 530 F.3d 1069, 1084 (9th Cir. 2008) (citation omitted). To meet the probable cause requirement, the court must determine if, under the totality of circumstances, there was a fair probability that contraband or evidence of a crime would be found in the car searched. *Id.* (citation omitted).

There is no dispute that the car was readily mobile in this case. The lawfulness of the stop therefore depends on this court's determination of probable cause.

A strong odor of marijuana emanating from a vehicle can constitute probable cause to search the vehicle. *United States v. Guzman-Padilla*, 573 F.3d 865, 886 n.5 (9th Cir. 2009) (citing *United States v. Garcia-Rodriguez*, 558 F.2d 956, 964 (9th Cir. 1977)). This court concludes, however, that the alleged odor of marijuana cannot justify the search in this case.

A careful review of the totality of the circumstances regarding defendant's traffic stop fails to support Sergeant Passadore's assertion that a strong odor of marijuana was detectable on his fourth visit to defendant's car near the passenger-side window. Sergeant Passadore's claim that he could smell a strong odor of marijuana is not corroborated by Officer Chastain's testimony. Officer Chastain never reported a marijuana smell and did not note any odors in his report, even though he was near the passenger-side window during much of the traffic stop. Sergeant Passadore never asked Officer Chastain to confirm the alleged strong odor of marijuana. Additionally, the car windows had been open for at least ten minutes before the strong odor of marijuana was allegedly noticeable to Sergeant Passadore.

Moreover, no significant amount of marijuana was found in the car. Sergeant Passadore admitted that the trace amounts found in the floor boards could not produce a strong odor. He also testified that the alcohol smell did not constitute probable cause for the search, and that he did not smell alcohol on defendant's breath.

The court notes that the government also suggested that the demeanor of the passengers provided grounds for conducting a search. The evidence suggests that the passengers remained quiet and still. Such behavior will not be construed as a legitimate basis for conducting a search, even though both officers testified that the passengers' conduct was abnormal.

7 - AMENDED OPINION AND ORDER

After examining the totality of the circumstances presented by the government, this court concludes that Sergeant Passadore lacked probable cause to search defendant's car. Nothing in this Order is intended to be an adverse credibility determination. The court found Sergeant Passadore's testimony to be credible, but insufficient to establish probable cause. Because the government has offered no other justification for the search, the firearms must be suppressed.

## CONCLUSION

For the reasons provided, defendant's Motion to Suppress Evidence [12] is GRANTED IN PART AND DENIED IN PART.

IT IS SO ORDERED.

DATED this 23 day of May, 2011.

ANCER L. HAGGERTY
United States District Judge